UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,[1] <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY ACCOUNTING SERVICE, LLC, <br><br> Defendant. | Case No.: 09-CV-01563-BAS-JLB <br><br> **ORDER:** <br><br> **(1) DENYING IN PART AND GRANTING IN PART PLAINTIFF'S EX PARTE MOTIONS TO SEAL RECORDS (ECF Nos. 11, 12, 13, 14); AND** <br><br> **(2) DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE (ECF No. 16)** |

Before the Court are five sets of motions filed by Plaintiff: (1) motion to seal the case records or redact Plaintiff's name (ECF No. 12); (2) application to seal the *ex parte* motion (ECF No. 11); (3) application to seal supplemental exhibits in support of the *ex parte* motion (ECF No. 13); (4) motion for judicial notice (ECF No. 16); and (5) application to seal motion for judicial notice and notice of change of address (ECF No. 14).[2] Plaintiff represents that he is a participant of California's Safe at Home Program and asks this Court

---

[1] The Court replaces Plaintiff's name in the caption with John Doe.
[2] Plaintiff filed all of the filings on an *ex parte* basis.

- 1 -

to seal the entire judicial record or, in the alternative, to redact his personal information and replace his name with the pseudonym "John Doe." (ECF No. 12.) Because Plaintiff has not met the high burden of establishing compelling reasons to seal the entire record, the Court denies that request. However, the Court grants Plaintiff's request to redact his name from the record and replace his name on all pleadings with "John Doe," in line with the aims of the California Safe at Home Program. Additionally, the Court grants the requests to seal Plaintiff's motion and supporting documents (ECF Nos. 11–14), because the supporting documents contain protected information. Finally, the Court denies as moot Plaintiff's request for judicial notice. (ECF No. 16.)

## I. BACKGROUND

Plaintiff brought the original action on August 17, 2009, against University Accounting Service LLC, for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, along with other claims. (Compl., ECF No. 1.) The case was closed two months later, after the parties filed a joint motion to dismiss the action. (Order, ECF No. 9.)

Plaintiff filed the present motions in 2021 and 2022, based on his status as a participant in California's Safe at Home Program (the "Safe at Home Program"), which is a state initiative that aims to keep a crime victim's address confidential. *See* Cal. Code Civ. Proc. § 367.3; Cal. Gov. Code § 6205.

Plaintiff has provided proof of his acceptance into the Safe at Home Program and submits a declaration that explains his reason for participating in the program. (Pl.'s Decl., ECF No. 12 at 22.) Plaintiff was subpoenaed in 2010 as a witness in a criminal case. (*Id.* ¶ 6; Ex. FF.) According to Plaintiff's declaration, on the day of the crime, he heard screams for help coming from the building across from his residence. (*Id.* ¶ 6.) On his way to the building, he flagged down a passing police car, and entered the building through a fire escape door together with the police officer. (*Id.*) Plaintiff found himself in a crime scene, where a male suspect was approaching another person covered in blood. (*Id.*) The police officer arrested the male suspect for murder. (*Id.*) On his video device, Plaintiff recorded

the male suspect stating he killed the victim. (*Id.*) Plaintiff has received numerous death threats since that incident, which he believes are due to his cooperation in the investigation and videotaping of the male suspect's statements. (*Id.* ¶ 7.) These threats include text messages Plaintiff received from an unknown number, featuring images of headless men. (*Id.* ¶ 8; Ex. GG.) Plaintiff also provides evidence that an unknown man in a trench coat attempted to enter his home. (*Id.* ¶ 9; Ex. HH.)

## II.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the lesser, "good cause" standard applies. *Id.*; *see Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (holding that the "good cause" standard imposes a lower burden than the "compelling reasons" standard). Under either standard, "an order sealing the documents must be narrowly drawn to seal only those

portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases).

Under this Court's Standing Order, the parties seeking a sealing order must provide the Court with "(1) a specific description of particular documents or categories of documents they need to protect; and (2) declarations showing a compelling reason or good cause to protect those documents from disclosure." Hon. Cynthia Bashant's Standing Order for Civil Cases ("Standing Order") § 5. "Even where a public right of access exists, such access may be denied by the Court in order to protect sensitive personal or confidential information." *Id.* "[T]he documents to be filed under seal will be limited by the Court to only those documents, or portions thereof, necessary to protect such sensitive information." *Id.*

In addition, Federal Rule of Civil Procedure 10(a) states that "the title of the complaint must name all the parties" in a given action. A plaintiff's use of a fictitious name may "run[] afoul of the public's common law right of access to judicial proceedings." *Does I through XIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). However, the Ninth Circuit allows parties to proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

### III. ANALYSIS

#### A. Federal Law Applies to this Case

Plaintiff asks the Court to apply California law instead of federal law to the issues presented here. The Court declines to do so. Plaintiff cites a case to argue that the "court considers state law in mixed federal/state claims." *Maldonado v. Sec'y of Calif. Dep't of Corr. & Rehab.*, No. 2:06-CV-02696-MCE-GGH, 2007 WL 4249811, at *2 (E.D. Cal. Nov. 30, 2007). However, *Maldonaldo* is not applicable here because the present case before the Court only involved questions of federal law while it was open and was dismissed over twelve years ago. *See Doe v. Collectco, Inc.*, No. 2:06-CV-00244-JCM-

DJA, 2021 WL 3199210, at *1 (D. Nev. July 27, 2021) (applying Ninth Circuit rules, not California law, governing the use of fictitious names and sealing cases where the case has been closed for fifteen years and involved only questions of federal and Nevada law when active). The Court thus applies federal law to determine whether to grant Plaintiff's sealing applications.

### B. The Court Denies Plaintiff's Request to Seal the Entire Judicial Record

Although Plaintiff requests the Court seal the entire judicial record in this case, the Court declines to do so. The docket entries in this case (ECF Nos. 1–10) do not contain confidential information or any personal information other than Plaintiff's name. Plaintiff has not alleged a sufficient compelling reason to seal the entire record, and there is a narrower remedy that will protect his interests in line with the aims of California's Safe at Home Program.

A party seeking to seal the entire judicial record bears the burden of overcoming the strong presumption of openness by meeting the "compelling reasons" standard. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014). That is, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal citations and quotation marks omitted). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599). The court must articulate a "factual basis" for granting a motion to seal and may not rely on "hypothesis or conjecture." *Kamakana*, 447 F.3d at 1178 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

In general, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a

litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). While the Ninth Circuit has held that plaintiff's facing threats to their personal safety may provide reasons to seal the records, those threats must be related to the docket entries. *United States v. Doe*, 870 F.3d 991, 998–1001 (9th Cir. 2017). In *Doe*, a criminal defendant cooperated extensively with the Government, supplying information regarding a large drug cartel. The court analyzed the case using three factors: "(1) [sealing] serves a compelling interest; (2) there is a substantial probability that, in the absence of [sealing], this compelling interest would be harmed; and (3) there are no alternatives to [sealing] that would adequately protect the compelling interest." *Id.* at 998 (quoting *Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990)). Finding extreme risk to the defendant because of the wealth and size of the cartel, the importance of the ongoing investigation, and lack of adequate alternatives, the court granted the request to seal the records. *Id.*

Here, Plaintiff has not overcome the strong presumption of openness of court records to the public. While Plaintiff has alleged and shown proof of his involvement in the Safe at Home Program and alleged threats to his safety, sealing the entire record would be overbroad. The Safe at Home Program is only an address confidentiality program and does not protect all information regarding Plaintiff in the public sphere. Cal. Gov't Code § 6205–11; *See Chaker v. L. Offs. of Winn & Sims*, No. 06-CV-00599-H-AJB, 2021 WL 2529617 at *2 (S.D. Cal. June 21, 2021) (declining to seal the entire record based only on Plaintiff's participation in the Safe at Home program). Plaintiff's address does not appear in the record, other than a reference to his residing in San Diego County over 12 years ago.[3] There is no evidence that the threats Plaintiff allegedly received are at all related to the docket entries he seeks to seal. *See Doe*, 870 F.3d at 998. Therefore, under the *Doe* factors, the Court does not find that (1) sealing the entire record serves a compelling interest, (2) not

---

[3] Plaintiff has filed a notice of change of address (ECF No. 15), but the Court will seal that document.

sealing the entire record would harm Plaintiff's interest protected by the Safe at Home Program, or (3) Plaintiff lacks any adequate alternative remedy to protect his interest. Indeed, Plaintiff has an adequate alternative remedy that will satisfy the goal of reducing his risk of harm: redacting his name from the record and sealing only the documents that contain sensitive information. *See Oregonian*, 920 F.2d at 1467. Thus, despite the possible threats of violence against his person from his involvement in a crime as an eyewitness, Plaintiff has not adequately tailored his request to seal the entire record with his need to avoid threats to his safety.

Because Plaintiff has not shown a compelling reason supported by specific facts that are narrowly tailored to his request to seal the entire docket, the Court denies the request.

### C. The Court Grants Plaintiff's Request to Redact and Replace His Name

To the extent that Plaintiff asks the Court to redact and replace his name on the pleadings with the pseudonym "John Doe," the Court grants this request.

"The Ninth Circuit allows parties to use pseudonyms in unusual cases where anonymity is 'necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1980)). To determine whether to allow a party to proceed anonymously, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to . . . retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). District courts place particular emphasis on the first and second factors. *Id.* at 1043.

Courts look at the context surrounding the threats to determine if a claimed fear is reasonable. *See Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1079–80 (9th Cir. 2002) (taking into account the context of random acts of violence by others when determining if plaintiff's fears were reasonable). The Ninth Circuit has recognized that threat of "physical harm presents the paradigmatic

case for allowing anonymity." *Kamehameha*, 596 F.3d. at 1043.  In *Advanced Textile*, the plaintiffs were threatened with retaliation, deportation, and imprisonment for suing their employers for unfair and discriminatory labor practices.  *Advanced Textile*, 214 F.3d at 1063.  The Court found that the plaintiffs had a reasonable fear: the "plaintiffs [were] not required to prove that the defendants intend to carry out the threatened retaliation"; "[w]hat [was] relevant [was] that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out." *Id.* at 1071.

Here, Plaintiff has shown that he witnessed a violent crime and received threats to his personal safety, which led him to participate in the Safe at Home Program.  As the Ninth Circuit instructs, Plaintiff does not need to prove that the threats will be carried out as long as he can show that a reasonable person would believe so.  *Advanced Textile*, 214 F.3d at 1071.  Based on the nature of the threats he received, the Court finds that Plaintiff reasonably believes that he is in danger.  Plaintiff has thus established that anonymity is "necessary . . . to protect [him] from harassment or injury." *Doe*, 655 F.2d at 922 n.1.

Lastly, redacting Plaintiff's name would not prejudice either party because the parties agreed to dismiss the action in 2009, Defendant is and always has been aware of Plaintiff's identity, and Defendant has not opposed Plaintiff's motion.  *See Advanced Textile*, 214 F.3d at 1069 n.11 (finding that there was a decreased chance of prejudice to defendants because the identity of many of the plaintiffs had already been disclosed prior to the motion to proceed pseudonymously); *see also Roe v. United States*, No. 1:19-CV-00270-DAD-BAM, 2020 WL 869153, at *3 (E.D. Cal. Feb. 20, 2020) (finding no prejudice to defendants from allowing the plaintiffs to proceed under a pseudonym, where the defendants did not oppose the motion).  Accordingly, the Court grants the request to redact and replace Plaintiff's name in the record.

**D.    The Court Grants Plaintiff's Request to Seal the Instant Motion and the Supporting Documents**

Plaintiff requests to seal the instant motion and the related documents.  (ECF Nos. 11, 13, 14.)  The "good cause" standard applies because these requests are, at best,

tangentially related to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1102–1103. To determine good cause, Court balances the right of the public and the rights of the party to keep certain information private. *Foltz*, 331 F.3d at 1135. Here, the documents Plaintiff requests to seal contain sensitive personal information, including his status as a participant of the Safe at Home Program and his new address. The Court finds good cause to maintain the requested documents under seal. Accordingly, the Court orders that the instant motions and relevant documents (ECF No. 11–16) be kept under seal.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to seal the case records or redact Plaintiff's name. (ECF No. 12.) The Court denies Plaintiff's request to seal the entire judicial record and grants the request to redact and replace Plaintiff's name with the pseudonym, "John Doe," on the docket and in all electronically available documents to conceal his true name. The Court **DENIES** Plaintiff's motion for the Court to take judicial notice of other courts' orders and related documents because the Court did not rely them. (ECF No. 16.) The Court **GRANTS** Plaintiff's applications to maintain the motions and related documents under seal. (ECF Nos. 11, 12, 13, 14.)

**IT IS SO ORDERED.**

**DATED: March 3, 2022**

Hon. Cynthia Bashant
United States District Judge